# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TRUSTEES OF THE KANSAS BUILDING )
TRADES OPEN END HEALTH & WELFARE )
TRUST FUND; TRUSTEES OF THE KANSAS )
CONSTRUCTION TRADES OPEN END )
PENSION TRUST FUND; AND TRUSTEES )
OF THE KANSAS CONSTRUCTION )
INDUSTRY SAVING TRUST FUND, )
                                    )    CIVIL ACTION
         **Plaintiffs,**          )
                                    )    No. 10-4044-KHV
v. )
RANDY STEPHENS D/B/A )
IN-TECH, )
         **Defendant.**         )
_____)

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

This matter comes before the Court on plaintiffs' Motion For Default Judgment (Doc. #5) filed June 25, 2010, which the Court construes as a motion for entry of default. For reasons set forth below, the Court finds that the motion should be overruled.

## Procedural History

On May 3, 2010, plaintiffs Trustees of the Kansas Building Trades Open End Health & Welfare Trust Fund, Trustees of the Kansas Construction Open End Pension Trust Fund and Trustees of the Kansas Construction Industry Saving Trust Fund filed a complaint under Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(f) and Section 306 of the Multi-Employer Pension Plan Amendments Act of 1980 ("MEPPAA"), 29 U.S.C. § 1145. See Complaint (Doc. #1). The complaint alleges that on April 1, 2003, defendant Randy Stephens entered

into an agreement with the United Brotherhood of Carpenters and Joiners of America under which defendant agreed to make contribution reports and pay set sums of money into the Kansas Building Trades Open End Health and Welfare Trust Fund, the Kansas Construction Industry Saving Trust Fund and the Kansas Construction Industry Saving Trust Fund, for each hour worked by each of defendant's employees. See id. at 2.[1] The complaint alleges that from April of 2008 to February of 2009, defendant failed to make timely payments and submit contribution reports in accord with the agreement. Id. The complaint further alleges that at all times relevant to this case, defendant was doing business as IN-TECH and that he could be served at 2208 N. Hathway Circle, Wichita, KS 67726. Id. at 2. Plaintiffs seek a Court order directing defendant to make delinquent payments, including interest and attorneys fees.

On May 27, 2010 plaintiffs filed a return of service which indicates that on May 26, 2010 they served a copy of the summons and complaint by United States Postal Service certified mail upon Jane Stephens at 2208 N. Hathway Circle, Wichita, Kansas. See Doc. #4-1; Certified Mail Return. Plaintiffs addressed the summons and complaint to Randy Stephens d/b/a IN-TECH, 2208 N. Hathway Circle, Wichita, Kansas 67726. See id. Jane Stephens personally signed for the certified mail, but neither she or Randy Stephens filed a responsive pleading or otherwise appeared in the case.

**Analysis**

Plaintiffs ask the Court to enter default judgment against Randy Stephens, citing Fed. R. Civ.

---

[1] The agreement states that the parties entered into it on April 1, 2003. It is signed by defendant and Terry L. Davis, Executive Secretary-Treasurer of the Carpenters District Council of Kansas City & Vicinity. See Ex. A attached to Complaint (Doc. #1). On the signature page of the agreement, defendant listed his address as 631 S. Hydraulic, Wichita, Kansas 67216. Id. Defendant's signature is dated March 18, 2006. Id. Davis did not date his signature. The record does not indicate why the agreement is dated April 1, 2003, but defendant's signature is dated March 18, 2006.

P. 55(b)(2).[2] See Motion For Default Judgment (Doc. #5) at 1. The procedural steps contemplated by the Federal Rules of Civil Procedure following defendant's failure to plead or defend begin with the entry of default by the clerk upon plaintiff's request. Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981); see Fed. R. Civ. P. 55(a). Pursuant to Rule 55(c), defendant can then seek to set aside the default. If defendant does not do so, or the court denies a motion to set aside the default, and if no hearing is needed to ascertain damages, the court may enter judgment by default, or, if defendant has not appeared, the clerk may enter default judgment. Fed . R. Civ. P. 55(b); Sheldon v. Khanal, No. 07-2112-KHV, 2007 WL 2213540, at *2 (D. Kan. Aug. 1, 2007) (citing Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995)) (Rule 55 mandates that party first receive entry of default under Rule 55(a) and then apply for default judgment under Rule 55(b)). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Because plaintiffs may not proceed directly to default judgment before receiving an entry of

---

[2] Rule 55, Fed. R. Civ. P. provides in relevant part as follows:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

default, Dewey v. City of Topeka, No. 97-4037-SAC, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997), the Court construes their motion as one for entry of default rather than default judgment. The party seeking entry of default must show that the party against whom default is sought has been properly served. Peterson v. Carbon County, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998) (because party has no duty to plead until properly served, sufficient service of process is prerequisite to entry of default); Everetson v. Topeka Ass'n. For Retarded Citizens, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005) (questions whether service was proper preclude entry of default). Rule 4(e) governs service of process on individuals, and it provides in relevant part as follows:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . .

Plaintiffs filed this suit in the United States District Court for the District of Kansas. Kansas law permits service on an individual by return receipt delivery, which includes "certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered, and the person or entity effecting delivery." K.S.A. § 60-303(c)(1). Such service must be addressed to the individual at his or her dwelling or usual place of abode, or to his or her authorized agent. See K.S.A. § 60-308(d)(2) (referencing K.S.A. § 60-304). Plaintiff has the burden to put forth evidence which established that the address listed is the individual's actual dwelling or usual place of abode. See Harbour v. Peters, No. 05-1252-MLB, 2006 WL 219914, at *3 (D. Kan. Jan. 27, 2006) (defendant's mother's signature acknowledging receipt of

certified mail not sufficient to establish address as defendant's dwelling or place of abode).

Here, the certified mail return reflects delivery to Jane Stephens personally at 2208 N. Hathway Circle, Wichita.  <u>See</u> Doc. #4-1; Certified Mail Return.  Other than the complaint, however, the record does not evidence that 2208 N. Hathway Circle was Randy Stephen's dwelling or usual place of abode. In fact, the agreement attached to the complaint provides that Stephen's address was 631 S. Hydraulic, Wichita, Kansas.  Given this conflicting evidence and absent an affidavit or other evidence which confirms that Randy Stephen's dwelling or usual place of abode was 2208 N. Hathway Circle, the Court cannot determine that plaintiffs properly served him with process.

**IT IS THEREFORE ORDERED** that plaintiffs' <u>Motion For Default Judgment</u> (Doc. #5) filed June 25, 2010, which the Court construes as a motion for entry of default, be and hereby is **OVERRULED**.

Dated this 20th day of July, 2010 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge